The Honorable Tom Tobiassen Representative, 1st District Post Office Box 997 Gonzalez, Florida 32560
Dear Representative Tobiassen:
This is in response to your request for an opinion on substantially the following question:
 IS THE BOARD OF COUNTY COMMISSIONERS OF ESCAMBIA COUNTY AUTHORIZED TO ENACT AND ENFORCE ZONING REGULATIONS IN A PORTION BUT NOT ALL OF THE UNINCORPORATED AREA OF THE COUNTY?
Your letter states that the Board of County Commissioners of Escambia County has contacted you, as chairman of the local legislative delegation, to request passage of a special law which would authorize the board to zone only a small portion of the unincorporated area of the county, specifically Perdido Key. Your question regards whether this special legislation is necessary or whether the board currently possesses the authority to so act.
A situation in which the zoning authority, when enacting an original ordinance, does not regulate the entire area within its jurisdiction, may be referred to as `piecemeal zoning.' Such an ordinance regulates land use in part, but not in all, of the zoning authority's territory. The extent to which it is necessary to zone an entire area within the jurisdiction of the zoning authority depends largely upon the constitutional and statutory provisions which confer the zoning power. See generally, 82 Am.Jur.2d Zoning and Planning s 75; 101A C.J.S. Zoning and LandPlanning s 39.
Section 1(f), Art. VIII, State Const., provides, inter alia that:
 Counties not operating under county charters shall have such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law . . . .
Subsequent to the adoption of the 1968 Constitution, the Legislature enacted s 125.65, F.S. 1969, which stated that `[i]n accordance with the provisions of s 1, Art. VIII of the state constitution, counties shall have all powers of local self-government, including governmental, corporate and proprietary powers, to enable them to conduct county government, perform county functions, and render county services, and may exercise any such power for county purposes, and the health, safety or welfare of its citizens not inconsistent with general or special law.' Subsection (3) of s 125.65, F.S. 1969, stated that the provisions of the section would be construed to secure `the broad exercise of home rule powers granted by the constitution' to the counties. In 1970 the statute was amended to provide that the legislative powers to which the statute referred `shall be exercised by the boards of county commissioners by the enactment of county ordinances pursuant to law.' See, s 125.65, F.S. (1970 Supp.), as amended by s 3, Ch. 70-452, Laws of Florida. Although s 125.65 was repealed by Ch. 71-14, Laws of Florida, such repeal was not to be deemed to repeal or limit the powers of the board of county commissioners granted therein, but `shall be deemed to continue and expand such powers and remove certain limitations heretofore prescribed by law.' The intent of the Legislature in enacting Ch. 71-14 is expressed in s 6 of the act and was `to secure for the counties the broad exercise of home rule powers authorized by the constitution.' This office when considering the language in s 3(2), Ch. 71-14, which purports to continue and expand the powers contained in the statutory sections repealed by s 3(1), Ch. 71-14, has concluded that counties may continue to exercise those powers formerly provided for in the sections repealed. See, e.g., AGO's 81-48, 73-487 and 72-287.
Section 125.01, F.S., which was substantially reworded by Ch. 71-14, supra, sets forth the powers and duties of the legislative and governing body of a noncharter county and bestows on the legislative and governing body of a county `the power to carry on county government. . . .' Section 125.01(1), F.S. To the extent not inconsistent with general or special law, this power includes but is not limited to the power to `[e]stablish, coordinate, and enforce zoning and such business regulations as are necessary for the protection of the public.' Section 125.01(1)(h), F.S. Section125.01(1)(t), F.S., empowers the county to adopt ordinances and resolutions necessary for the exercise of its powers and paragraph (w) of this subsection provides that a county has the power to `[p]erform any other acts not inconsistent with law which are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law.' The powers and duties set forth in s 125.01(1), F.S., are to be liberally construed `to effectively carry out the purpose of this section and to secure for the counties the broad exercise of home rule powers authorized by the State Constitution.' Section125.01(3)(b), F.S.
The Florida Supreme Court in Speer v. Olson, 367 So.2d 207 (Fla. 1978), found that Ch. 125, F.S., implements the provisions of s 1(f), Art. VIII, State Const., and enlarges the power of counties to govern themselves through home rule. The court stated that the first sentence of s 125.01(1), F.S. ('[t]he legislative and governing body of a county shall have the power to carry on county government') grants to the governing body of a county the full power to carry on county government and that unless the Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body, by reason of this sentence, has full authority to act through the exercise of home rule power. And see, State v. Orange County, 281 So.2d 310 (Fla. 1973), in which the court noted that the object of s 1(f), Art. VIII was to do away with the local bill evil, i.e., in that case, to obviate the necessity of going to the Legislature to get a special act passed authorizing the issuance to certain revenue bonds, stating that the county commission under the authority of the 1968 Constitution and enabling statutes was authorized to pass an ordinance for such purpose because there was nothing inconsistent with general or special law. It is clear that the board of county commissioners has been granted the general power by general law to enact and enforce zoning regulations and that such power should be construed liberally. Cf., State v. City of Miami, 158 So. 82 (Fla. 1934) (a statute which authorized the city commission to adopt zoning regulations and restrictions as to the location and use of buildings was determined by the court not to confine the city to passage of one comprehensive ordinance zoning the entire city or to preclude the adoption of an ordinance applying only to property within a small district unless a clear legislative intent to the contrary was demonstrated). No special law in force in Escambia County and affecting this inquiry has been brought to my attention. Cf., Ch. 24687, 1947, Laws of Florida, as amended by Chs. 57-1563, 63-1609 and 67-1699, Laws of Florida, which empowered the Board of County Commissioners of Marion County to establish and enforce zoning regulations in certain portions but not all of the unincorporated area of the county; Ch. 26475, 1949, Laws of Florida, creating a zoning district in a part of the unincorporated area of Volusia County and empowering the board of county commissioners to establish and enforce zoning regulations within the district.
Therefore, it will be necessary only to determine whether existing general law applicable to and governing Escambia County requires it to establish and enforce zoning regulations in the entire unincorporated area of the county. Section 125.01(1)(h), F.S., does not contain any such requirement, and I am not advised that the county has elected to proceed or operate and is exercising its zoning power under any other general law which might be deemed to make such requirement. Cf., State v. City of Miami, supra. In view of the opinion of the Florida Supreme Court in Speer v. Olson, supra, and in the absence of any governing statutory requirement that zoning regulations be established and enforced in the entire unincorporated area of the county, I must conclude that the board of county commissioners may establish and enforce zoning regulations in a portion, but not all, of the unincorporated area of the county.
In summary, it is my opinion, until legislatively or judicially determined otherwise, that the Board of County Commissioners of Escambia County is authorized, pursuant to s 1(f), Art. VIII, State Const., and s 125.01(1)(h), F.S., to enact and enforce zoning regulations in a portion but not all of the unincorporated area of the county.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General